# EXHIBIT A

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
24-C-01974-S
3/5/2024 3:38 PI
TIANA P. GARNER, CLER

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| INGRID TERESA MARTINEZ, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.:24-C-01974-S4 |
| | * | |
| v. | * | |
| | * | |
| WAL-MART STORES EAST, LP (DELAWARE); KELVIN CHEEK; ABC CORPS. 1-2; and JOHN DOES 1-3 | * * * | |
| | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

COMES NOW, INGRID TERESA MARTINEZ, hereinafter "Plaintiff", by and through her undersigned counsel, file this Complaint for Damages against Defendants Wal-Mart Stores East, LP (Delaware); Kelvin Cheek; ABC Corps. 1-2; and John Does 1-3, showing this Honorable Court as follows:

## PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant Wal-Mart Stores East, LP (Delaware) (hereinafter "Wal-Mart") is a foreign limited partnership registered to do business and doing business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent, The Corporation Company (FL), located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794 in Forsyth County. Service of process can be perfected upon Defendant at that address.

3.

Defendant Kelvin Cheek ("Cheek") is a Georgia resident residing at 7850 Brass Lantern Drive, Flowery Branch, Georgia 30252 in Hall County. He was an employee of Wal-Mart and/or ABC Corps. 1-2 and was working within the scope of his employment at all material times. Service of process can be perfected upon Defendant at his residential address or as otherwise provided by law.

4.

Defendants, ABC CORPS. 1-2, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS. 1-2 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant Wal-Mart's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS. 1-2 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

5.

Defendant JOHN DOES 1-3 are residents of Georgia and are currently unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES 1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant Wal-Mart's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES 1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

6.

Defendants are subject to the jurisdiction of this Court.

7.

This Court has jurisdiction over the subject matter of this action.

8.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution and O.C.G.A. § 14-2-510, venue is proper because Plaintiff's cause of action originated in Gwinnett County and Defendant Wal-Mart has an office and transacts business in Gwinnett County.

**BACKGROUND**

8.

At all material times, Defendants Wal-Mart and ABC Corps. 1-2 (hereinafter "Corporate Defendants") owned, managed, operated, or otherwise provided services for Wal-Mart Supercenter No. 3388, which is located at 1400 Lawrenceville Highway, Lawrenceville, Gwinnett County, Georgia 30044 (the "Premises").

9.

At all material times, Defendants Kelvin Cheek and John Does 1-3 (hereinafter "Employee Defendants") were employed by and were working within the scope of their employment with one or more of the Corporate Defendants.

10.

On or about March 21, 2022, Plaintiff was an invitee at the Premises and was occupying an open area permitted to patrons of the premises at all relevant times when Plaintiff slipped and fell on a banana peel (the "hazard").

11.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

12.

Defendants negligently caused Plaintiff's injuries, including pain in her back and right knee.

13.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

14.

As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; lost capacity for the enjoyment of life; loss of consortium; lost ability to work; and other economic damages including, without limitation, lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

15.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

15.

Plaintiff incurred medical expenses for treatment of her injuries in the amount of at least $63,391.35.

Count I – Active Negligence

16.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

17.

Defendants had actual or constructive knowledge of the hazard, creating a hazardous condition for invitees of Defendant's premises, including Plaintiff.

18.

Plaintiff had no knowledge of the hazardous condition of the floor, despite Plaintiff's exercise of ordinary care.

19.

Defendants' knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

20.

At all material times, Defendants controlled the mode, manner, and means by which they operated Wal-Mart Supercenter No. 3388. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

21.

Defendants' chosen mode and manner of operation of Wal-Mart Supercenter No. 3388 required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

22.

Defendants owed their customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating Wal-Mart Supercenter No. 3388.

23.

Defendants have a duty to develop, implement, maintain, comply with, and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of Wal-Mart Supercenter No. 3388.

24.

While operating Wal-Mart Supercenter No. 3388, Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from hazards and other objects on the premises, and in failing to keep the premises safe for invitees.

25.

Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

26.

While operating Wal-Mart Supercenter No. 3388, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i) Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip and fall;

(ii) Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip and fall;

(iii) Defendants negligently failed to comply with, carry out, and enforce their inspection protocols or procedures;

(iv) Defendants negligently failed to train their employees, contractors, agents, and/or representatives to properly implement their safety program;

(v) Defendants failed to supervise their employees, contractors, agents, and/or representatives to ensure compliance with their safety program; and/or

(vi) Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of

operating its business.

27.

Defendants' failure to exercise reasonable care in their operations of Wal-Mart Supercenter No. 3388 caused a banana peel to be on the floor, which foreseeably created a fall risk and caused Plaintiff's fall and resulting injuries.

28.

Defendants' negligent operation of Wal-Mart Supercenter No. 3388 directly and proximately caused Plaintiff's injuries.

Count II – Premise Liability

29.

Plaintiff repeats and realleges paragraphs 1 through 15 above, verbatim.

30.

At all material times, Corporate Defendants owned, occupied, and were otherwise in possession and control of the Premises.

31.

At all material times, Corporate Defendants owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

32.

Further, Corporate Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

33.

Defendants' duty of care included:

a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip hazard or risk;

b. Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip hazard or risk; and

c. Adequately warning invitees about specific hazards on the Premises, including slip hazards on the floor, to enable invitees to avoid harm.

34.

At all material times, Plaintiff was Corporate Defendants' invitee.

35

On the date of incident, Plaintiff slipped and fell on a banana peel on the floor of the Premises.

36.

The banana peel that caused Plaintiff's fall was on the floor of the Premises for a sufficient length of time that Defendants knew, or should have known, about the banana peel on the floor. The significant amount of time the banana peel was on the floor afforded Defendants the opportunity to remove the hazard and/or warn invitees of the dangerous condition the banana peel created.

37.

Even if the banana peel had not been on the floor for a sufficient length of time, the banana peel that caused Plaintiff's fall was caused by a condition and/or defect that caused it to be on the floor of the Premises. This condition and/or defect had existed for a sufficient length or time that Defendants knew, or should have known, about it. The sufficient amount of time the condition and/or defect causing the banana peel to be on the floor afforded Defendants the opportunity to

remove the hazardous condition and/or warn invitees of the dangerous condition it continuously created.

38.

Defendants had notice or should have had notice of the banana peel on the floor and they controlled the condition of the Premises. Thus, Defendants and their employees, contractors, agents, and representatives had a duty to remove the banana peel from the Premises' floor or to warn customers/invitees, including Plaintiff, of the hazard because it posed an unreasonable risk of harm to the safety to store patrons.

39.

Defendants breached their duty to Plaintiff when they negligently failed to remove the banana peel or repair the condition and/or defect or to warn Plaintiff of the specific hazard.

40.

As a direct and proximate result of Defendants' negligent failure to remove, remedy, or otherwise address the known hazard, Plaintiff slipped in a banana peel and was injured.

41.

As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, Plaintiff slipped on a banana peel and was injured.

42.

As a direct and proximate result of Defendants' negligent failure to warn invitees about the hazardous condition created by the banana peel, Plaintiff slipped on it and was injured.

<u>Count III – Vicarious Liability</u>

43.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

44.

At all times relevant to this action, Employee Defendants responsible for inspecting and maintaining the area where Plaintiff fell were employed by Corporate Defendants and were acting within the scope of their employment.

45.

Corporate Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

46.

Corporate Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives committed during the course and scope of their employment and in furtherance of Corporate Defendants' business. Corporate Defendants' employees, contractors, agents, and representatives include, but are not limited to, Employee Defendants.

Count IV – Negligent Training and Supervision

47.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

48.

Corporate Defendants were negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises

and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

49.

Corporate Defendants were negligent in training and supervising its staff.

50.

As a result of Corporate Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

Count V – Nuisance

51.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein

52.

At all material times, Corporate Defendants owned, occupied, and were otherwise in possession and control of the Premises.

53.

The banana peel on the floor and the condition and/or defect that caused the banana peel to be there created a nuisance on the Premises on the date of incident.

54.

As a direct and proximate cause of the nuisance existing in the Premises on the date of incident, Plaintiff suffered bodily injuries.

55.

As a direct and proximate result of Defendants' allowance of the nuisance to exist within their controlled Premises, Plaintiff slipped in a banana peel and was injured.

56.

As a direct and proximate cause of Defendants' failure to remove, remedy or otherwise remediate the nuisance, Plaintiff suffered bodily injuries when she fell on the Premises on the date of incident.

Count VI – Unliquidated Damages Act

57.

Plaintiff re-alleges and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

58.

Defendant has acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

59.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred damages including but not limited to medical expenses for treatment of her injuries, pain,emotional distress, and general inconvenience.

60.

By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as toraise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants are so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter

Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in the following particulars:

a) Plaintiff be awarded general damages to fully compensate her for her pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b) Plaintiff be awarded special damages in an amount of at least $63,391.35 the exact amount to be proven at trial to fully compensate her for her medical bills;

c) Plaintiff be awarded special damages in an exact amount to be proven at trial to fully compensate her for her future medical expenses;

d) Plaintiff be awarded general damages to fully compensate her for her pain and suffering and other human losses in an amount to be determined at trial;

e) Plaintiff be awarded attorney fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11;

f) Plaintiff be awarded attorney fees and expenses of litigation as Defendants have acted in bad faith, in violation of O.C.G.A. § 9-15-14 and O.C.G.A. § 33-4-6.

g) Plaintiff be awarded punitive damages pursuant to O.C.G.A. §51-12-5.1;

h) Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

i) Process be issued requiring the Defendant to answer according to law; and

j) Plaintiff be granted such further and other relief as is just and proper.

*[Signature on Page to Follow]*

Respectfully submitted this 5th day of March, 2024.

/s/ Phillip Hairston (es)

**Phillip Hairston**
Georgia Bar # 387378
**Shanti Nagrani**
Georgia Bar # 974073
*Attorneys for Plaintiff*

**BADER SCOTT INJURY LAWYERS**
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
PhillipHairston@baderscott.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-01974-S4**
**3/7/2024 9:22 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **INGRID TERESA MARTINEZ**<br>Plaintiff/Petitioner<br><br>vs.<br>**KELVIN CHEEK, ET AL.**<br>Defendant/Respondent | Case No.: **24-C-01974-S4**<br><br>AFFIDAVIT OF SERVICE OF<br>**SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; CERTIFICATE OF SERVICE; CASE FILING INFORMATION FORM** |

Received by **Oluwole Awojobi**, on the **6th day of March, 2024 at 11:41 AM** to be served upon **Wal- Mart Stores East, LP** at **106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, GA 30040**.
On the **6th day of March, 2024 at 12:15 PM**, I, **Oluwole Awojobi, SERVED Wal- Mart Stores East, LP** at **106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, GA 30040** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Daybon Jackson**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Daybon Jackson who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black male contact 35-45 years of age, 5'4"-5'6" tall and weighing 160-180 lbs.**

Service Fee Total: **$122.96**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: [signature] Gwinnett State 3/6/2024
Oluwole Awojobi Server ID # Date

Notary Public: Subscribed and sworn before me on this 6th day of March in the year of 2024
Personally known to me ______ or ✓ identified by the following document: Driver License

[signature]
Notary Public (Legal Signature)

Funmi Oluwole
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA
My Commission Expires
11/01/2027



REF: **10414932**

Tracking #: **0126495872**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
24-C-01974-S
3/5/2024 3:38 PI
TIANA P. GARNER, CLER

# IN THE STATE COURT OF GWINNETT COUNTY

# STATE OF GEORGIA

INGRID TERESA MARTINEZ

3384 Peachtree Road, N.E., Suite 500

Atlanta, GA 30326

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-01974-S4

VS.

KELVIN CHEEK

7850 Brass Lantern Drive

Flowery Branch, GA 30252

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Phillip Hairstón, Esq.
BADER SCOTT INJURY LAWYERS
3384 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326
404-888-8888

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** 5th day of March, 2024 **day of** ________________, **20**____.

**Tiana P. Garner**
**Clerk of State Court**

**By** ________________
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-01974-S4**
**3/13/2024 12:00 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **INGRID TERESA MARTINEZ**<br>Plaintiff/Petitioner<br>vs.<br>**ABC CORPS., 1-2, ET AL.**<br>Defendant/Respondent | Case No.: **24-C-01974-S4**<br><br>AFFIDAVIT OF SERVICE OF<br>**SUMMONS; COMPLAINT; CASE FILING INFORMATION FORM; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT; CERTIFICATE OF SERVICE** |

Received by **Funmi Oluwole**, on the **6th day of March, 2024 at 2:01 PM** to be served upon **KELVIN CHEEK** at **7850 Brass Lantern Dr, Flowery Branch, Hall County, GA 30542.**
On the **7th day of March, 2024 at 8:19 PM**, I, **Funmi Oluwole**, **SERVED KELVIN CHEEK** at **7850 Brass Lantern Dr, Flowery Branch, Hall County, GA 30542** in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering **1** copy(ies) of the above-listed documents to **KELVIN CHEEK**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to KELVIN CHEEK with identity confirmed by subject stating their name. The individual accepted service with security camera (documents left, seen by subject). The individual appeared to be a male contact.**

Service Fee Total: **$133.56**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: [signature] Gwinnett State 3/7/2024
Funmi Oluwole Server ID # Date

Notary Public: Subscribed and sworn before me on this 7th day of March in the year of 2024
Personally known to me ______ or ✓ identified by the following document: Driver License

[signature]

Notary Public (Legal Signature)

OLUWOLE AWOJOBI
Gwinnett County
Notary Public
Expires 07-14-2027
STATE OF GEORGIA

REF: **10414932**

Page 1 of 1
Tracking #: **0126663565**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INGRID TERESA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP<br>KELVIN CHEEK,<br>ABC CORPORATION 1-2 and<br>JOHN DOE 1-3<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>[Removed from<br>The State Court of<br>Gwinnett County;<br>Civil Action File No.<br>24-C-01974-S4] |

**DECLARATION OF KELVIN CHEEK**

1.

I am over the age of eighteen; and this declaration is based on my personal knowledge.

2.

I have read the Complaint filed in the above captioned legal action and I understand that plaintiff Ingrid Teresa Martinez alleges that she slipped and fell on March 21, 2022 while at the Walmart store located at 14000 Lawrenceville Highway, Lawrenceville, Georgia 30044 ("the Store").

3.

I have never been the store manager of the Store.

4.

I never saw the alleged incident that happened to Plaintiff.

5.

On the day of the incident, I was working as an asset protection coach at the store.

6.

I have never personally owned or leased the Store.

7.

I have never had legal authority to sign any lease for the premises where the Store operates.

9.

I have never had any individual or personal right of possession to the premises of the Store.

10.

I have never personally employed anyone who has worked on the premises of the Store. I have never been personally responsible for the payment of any wages or salary to anyone employed at the Store.

11.

I did not create the policies, procedures, and training materials used by Walmart as part of its efforts to inspect and maintain the Store in March of 2022.

12.

I have never been personally in charge of or personally responsible for performing any repair or maintenance services for the Store.

13.

I have never agreed to assume or in any way undertaken personal liability for the payment of any property taxes, or any other taxes, upon the Store.

14.

I have never assumed or undertaken any liability for or been personally responsible for any business license fees or other governmental fees required for the operation of the Store.

15.

I have never determined the hours of operation for the Store.

16.

I have never agreed to accept any personal legal duty to Plaintiff Martinez.

I state, declare and affirm that the foregoing facts set forth in this Declaration are true and correct.

Signed on this 18th day of March, 2024.

Kelvin Cheek

Kelvin Cheek

JAMIE K DAVENPORT
Notary Public, Georgia
Cobb County
My Commission Expires
November 29, 2027

date: 3/18/2024